FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 14, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHERRIL WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. 1:15-CV-03143-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 16, 20. Attorney D. James Tree represents Sherril Ann Wright (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Disability Insurance Benefits (DIB) on April 26, 2011, alleging disability since December 7, 2009, due to back pain,

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

leg/knee/foot pain, headaches/migraines, anxiety, and depression. Tr. 167-170, 219. The application was denied initially and upon reconsideration. Tr. 109-115, 117-121. Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on August 13, 2013, and heard testimony from Plaintiff and vocational expert Trevor Duncan. Tr. 35-72. The ALJ issued an unfavorable decision on December 19, 2013. Tr. 19-30. The Appeals Council denied review on June 15, 2015. Tr. 1-6. The ALJ's December 19, 2013, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 12, 2015. ECF No. 1, 6.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 45 years old at the alleged onset date and turned 50 in 2014. Tr. 167. Plaintiff completed the twelfth grade in 1983 and completed insurance school in 1997. Tr. 220. She last worked as a food receiving clerk in December of 2009. Tr. 219-220. She reported she stopped working because of her condition. Tr. 219.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put

another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097.  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations.  20 C.F.R. § 404.1520(a)(4).  If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On December 19, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 7, 2009, the alleged date of onset.  Tr. 21.

At step two, the ALJ determined Plaintiff had the following severe impairments:  degenerative disc disease, affective disorder, and anxiety disorder.  Tr. 21.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 22.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> [L]ifting and carrying 20 pounds occasionally and up to 10 pounds frequently.  She can stand and/or walk for approximately 6 hours and sit for approximately 6 hours in an eight-hour workday with normal breaks.  She can frequently climb ramps or stairs.  She can occasionally climb ladders, ropes, or scaffolds.  She can occasionally stoop, kneel, crouch, or crawl.  She should avoid concentrated exposure to excessive vibration and workplace hazards such as dangerous machinery and unprotected heights.  She can perform simple tasks and well-learned tasks.  She can have superficial interaction with the public and co-workers.

Tr. 23-24.  The ALJ identified Plaintiff's past relevant work as receiving clerk, stock clerk, and retail manager and concluded that Plaintiff was not able to perform any of this past relevant work.  Tr. 28.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of production assembler, hand packager, and mail clerk.  Tr. 29.  The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged date of onset, December 7, 2009, through the date of the

ALJ's decision, December 19, 2013.  Tr. 30.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) failing to properly weigh medical source opinions, and (2) failing to properly consider the credibility of Plaintiff and Plaintiff's spouse.  Additionally, Plaintiff contends the Appeals Council erred by failing to consider the opinion of John Lyzanchuk, D.O.

## DISCUSSION

**A.     Medical Source Opinions**

Plaintiff argues that the ALJ failed to properly consider and weigh the medical opinions expressed by T.H. Palmatier, M.D., Carl Cowin, ARNP-C, and Jesse McClelland, M.D.  ECF No. 16 at 13-16.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) non-examining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  The ALJ should give more weight to the opinion of an examining physician than to the opinion of a non-examining physician.  *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons.  *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the treating physician.  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  Likewise, when

an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Lester*, 81 F.2d at 830. When an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the examining physician. *Id*. at 830-831.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

### 1. T.H. Palmatier, M.D., and Carl Cowin, ARNP-C

Dr. Palmatier, along with Carl Cowin, ARNP-C, were Plaintiff's providers at Yakima Worker Care. Tr. 300-303. On September 2, 2010, Dr. Palmatier and Nurse Cowin stated "[t]he light duty job descriptions were reviewed and the patient is unable to perform any of them at this time." Tr. 300. On November 11, 2010, Nurse Cowin wrote a letter voicing surprise and questioning the August 21, 2010, independent medical examination which stated all of Plaintiff's symptoms were subjective. Tr. 304. On February 23, 2011, Nurse Cowin wrote a letter to Plaintiff suggesting she apply for Social Security disability or apply for a separate Labor and Industry claim on the grounds of an occupational disease. Tr. 305.

The ALJ's decision is void of any reference to either Dr. Palmatier's or Nurse Cowin's statements. The regulations require every medical opinion to be evaluated, regardless of its source. 20 C.F.R. §§ 404.1527(c). Therefore, the ALJ's failure to address either of these opinions in her decision was in error. The case is thereby remanded for the ALJ to properly consider all opinions of medical providers throughout the record, including Dr. Palmatier and Nurse Cowin.

Case 1:15-cv-03143-JTR    Document 23    Filed 09/14/16

### 2. Jesse McClelland, M.D.

On October 21, 2011, Dr. McClelland completed a consultative examination at the request of Disability Determination Services (DDS). Tr. 325-330. He diagnosed Plaintiff with depressive disorder, panic disorder with agoraphobia, and a rule out diagnosis of attention deficit hyperactivity disorder. Tr. 329. Dr. McClelland opined that Plaintiff should be able to perform simple and repetitive tasks, but her abilities to complete detailed and complex tasks, accept instructions from supervisors, and perform work activities on a consistent basis without special additional instruction may be more difficult. Tr. 330. He also opined that Plaintiff "would likely have difficulty interacting with coworkers and the public to some extent," "she may struggle to maintain regular attendance at the workplace," "[s]he may have interruptions in a normal workday," she "would likely struggle to deal with the usual stress encountered in the workplace," and "[s]he has also had problems dealing with change lately." *Id*.

The ALJ gave this opinion "little weight" because (1) he relied "quiet heavily" [sic] on Plaintiff's self-reports, and (2) Plaintiff did not disclose to Dr. McClelland her practice of traveling. Tr. 27-28.

The ALJ's first reason for rejecting Dr. McClelland's opinion, that it relied heavily on Plaintiff's self-reports, is not a legally sufficient reason. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss*, 427 F.3d at 1217; *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, the ALJ must provide the basis for her conclusion that the opinion was based more heavily on a claimant's self-reports. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, the ALJ provided a basis for her conclusion that Dr. McClelland's opinion was based on Plaintiff's self-reports, that he had only seen Plaintiff once and that he had no treatment notes. Tr. 27. However, the record does not support this conclusion. Dr. McClelland stated that DDS had provided some medical clinic notes and part of the form SSA-3368. Tr.

325. Therefore, the ALJ's finding that Dr. McClelland did not review treatment records is not supported by the record. Because the ALJ failed to provide a basis supported by substantial evidence for her conclusion that Dr. McClelland relied on Plaintiff's self-reports, this reason does not meet the specific and legitimate standard.

The ALJ's second reason for rejecting Dr. McClelland's opinion, that it was based on inaccurate representation of Plaintiff's activities because Plaintiff failed to disclose her frequent trips to her vacation trailer on Moses Lake, WA, and her trips to Idaho in the last year, is an extension of the ALJ's conclusion that Dr. McClelland's opinion was based on Plaintiff's self-reports, and therefore not legally sufficient. Tr. 28. First, Defendant concedes that the ALJ erred in considering the trips to Idaho, which took place after Dr. McClelland's opinion was penned. ECF No. 20 at 13. As for the trips to Moses Lake, WA, prior to Dr. McClelland's opinion, this reasons extends the ALJ's assumption that Dr. McClelland relied on Plaintiff's statements in forming his opinion and that her statements were inaccurate. Because the ALJ failed to provide a reason supported by substantial evidence that Dr. McClelland relied more heavily on Plaintiff's self-reports in forming his opinion, this reason fails to meet the specific and legitimate standard.

As such, the case is remanded for the ALJ to address Dr. McClelland's opinion.

**B.    Credibility**

Plaintiff contests the ALJ's adverse credibility determination in regards to Plaintiff's testimony and Plaintiff's spouse's testimony. ECF No. 16 at 4-13, 16-19.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent

affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. An ALJ must give "germane" reasons to discount evidence from a lay witness, such as a spouse. *Dodrill v. Shalala*, 12 F.3d 915, 119 (9th Cir. 1993).

The evaluation of a claimant's statements regarding limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to address the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements is necessary to determine if they are consistent with the record as a whole in accord with S.S.R. 16-3p. Likewise, upon remand, it is necessary to reweigh the statements of Plaintiff's spouse.

**C.     J.W. Lyzanchuk, D.O.**

Plaintiff asserts that the Appeals Council erred in failing to specifically address Dr. Lyzanchuk's opinion in its order denying Plaintiff's request for review. ECF No. 16 at 19-20.

It is well established that,

> [W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.

*Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-1160 (9th Cir. 2012). Indeed, this additional evidence is relevant "so long as it relates to the period on or before the ALJ's decision." *Id.* at 1162 (citing 20 C.F.R. § 404.970(b)).

On March 12, 2014, after the ALJ's decision, Dr. Lyzanchuk completed a medical report form stating Plaintiff would have to lie down during the day,

require frequent position changes from standing to sitting to laying down four to five times per day. Tr. 394. He also stated that Plaintiff could only stand for 20-30 minutes at one time and only sit for 20 minutes at a time without changing positions. Tr. 395. Dr. Lyzachuck opined that if Plaintiff were currently attempting to work a 40-hour work week, she would miss an average of four or more days per month. *Id*.

Dr. Lyzachuck's opinion was not available for review for the ALJ's December 19, 2013, opinion, Tr. 31-34, but it was associated with the record by the Appeals Council, Tr. 4-5. Despite associating the evidence with the record, the Appeals Council failed to discuss Dr. Lyzanchuk's opinion. It simply stated that "we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." Tr. 1. Plaintiff asserts that this constitutes an error on the part of the Appeals Council for failing to properly consider the opinion prior to denying review. ECF No. 16 at 19. While, this Court agrees that the Appeals Council's silence regarding Dr. Lyzanchuk's opinion potentially runs afoul of 20 C.F.R. § 404.1527(c), stating that "[r]egardless of its source, we will evaluate every medical opinion we receive," this Court does not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because such a decision is a non-final agency action. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011); *Brewes*, 682 F.3d at 1159-1160.

Instead, this Court presumes that the Appeals Council considered Dr. Lyzanchuk's opinion because it was associated with the record. The opinion thus becomes part of the body of evidence this Court considers when evaluating whether substantial evidence supports the ALJ's decision. *Brewes*, 682 F.3d at 1162. Since this case is being remanded, this opinion is part of the record for the ALJ to consider in forming her new decision.
///

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly weigh the medical source opinions in the record, including Dr. Lyzanchuk's, to make a new assessment as to whether Plaintiff's subjective symptom statements are consistent with the record as a whole,[1] and to determine Plaintiff's spouse's credibility. The ALJ is further

---

[1] On March 16, 2016, S.S.R. 16-3p "Evaluation of Symptoms in Disability Claims" became effective, eliminating the term "credibility" from the Social Security Administration's policy, and clarifying "adjudicators will not assess an individual's overall character or truthfulness." The ALJ's December 2013 decision

instructed to update the record with any outstanding evidence and take testimony from a medical, a psychological, and a vocational expert at the hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED September 14, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

---

came over two years before S.S.R. 16-3p.  Therefore, she could not have employed the new S.S.R. in her original decision.  However, upon remand, the ALJ should address S.S.R. 16-3p as part of the review regarding Plaintiff's alleged symptoms.